UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

10 CIV 8476

| | |
|---|---|
| BEYOND THE FRAME, LTD | |
| Plaintiff, | Civil Action No. |
| v. | (Jury Demanded) |
| HOME BOX OFFICES, INC.; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.; STICK FIGURE PRODUCTIONS, INC.; EARTHWARE; and DOES 1 through 10 | |
| Defendants. | |

**Complaint for Copyright Infringement; Vicarious and/or Contributory Copyright Infringement; Violation of Lanham Act (15 U.S.C. §§ 1125(a)(1)(A)-(B)); Breach of Implied-in-Fact and/or Implied-in-Law Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Unjust Enrichment; and Breach of Contract.**

PLAINTIFF Beyond the Frame, Ltd. by and through its attorneys, alleges the following:

## PARTIES

1. Plaintiff BEYOND THE FRAME, LTD ("Plaintiff") is a United Kingdom Limited Company. Plaintiff is the production company for Victor Schonfeld, a distinguished filmmaker who is well known for documenting the inhumane and vile manner in which animals of all types are treated in the massive production farms that supply most of the meats and animal products consumed by the public today.

2. Plaintiff is informed and believes and thereon alleges that Defendant HOME BOX OFFICE, INC. ("HBO") is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York. HBO provides, among other things, pay television programming.

3. Plaintiff is informed and believes and thereon alleges that Defendant PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. ("PETA") is a corporation organized and existing under the laws of the Commonwealth of Virginia, and registered in and doing business in and with the State of New York.

4. Plaintiff is informed and believes and thereon alleges that Defendant STICK FIGURE PRODUCTIONS, INC. ("SFP") is a New York Corporation with its principal place of business located in New York, New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant NATIONEARTH is a business entity of form unknown headquartered in California and doing business in and with the State of New York.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and based thereon alleges that such fictitiously named Defendants have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices herein alleged. Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of such fictitiously named Defendants when said Defendants have been ascertained. As alleged herein, Defendants shall mean all named Defendants and all fictitiously named defendants

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with

2

full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because claims in this action arise under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338(a) and (b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and that Defendants may be found and are doing business within New York County, New York.

## GENERAL FACTUAL ALLEGATIONS

11. Prior to the conduct complained of herein, Plaintiff's principal created, developed and authored the feature-length motion picture entitled "The Animals Film" (the "Feature").

12. The Feature was extraordinarily well-received and recognized as having footage that had never before been seen in a film of its type. Numerous positive reviews were published in the world's leading news outlets, and the film brought substantial awareness to the issue of animal mistreatment in factory farms. The British National Film Archive and the U.S. Library of Congress have each accessioned film prints of the Feature for preservation in their permanent collections.

13. Certain sections of footage in the Feature were found to be especially compelling to audiences around the world, including one of the few, if not the only, high-quality

professionally shot sequences of a "de-beaking," in which a chicken's beak is removed via a method that is highly vicious and offensive. The beaks must be removed, it is told, so that the chickens, after being packed together in cages where they are unable to ambulate, will not peck one another to death. This sequence has been cited to in numerous reviews as the film's emotional and narrative heart.

14. The Feature was duly registered with the United States Copyright Office, which issued a registration certificate numbered PAU 148-168 to Plaintiff's predecessor-in-ownership. The registration covering the Feature was later assigned to Plaintiff.

15. PETA had access to the Feature prior to the acts of infringement alleged herein by obtaining copies of the Feature directly from Plaintiff.

16. Defendant PETA then exploited segments of the Feature, including the footage most central to the film and its message, and did so without the authorization of Plaintiff, or any other party with the ability to grant same.

17. In or around fall of 2007, HBO aired a program entitled "I am an Animal," which was produced and created by SFP in conjunction with PETA. In this program, a key segment from the Feature is exploited, and PETA claims ownership and authorship of the Feature footage.

18. Subsequent to the registration of the Feature, PETA also created, developed, distributed, exhibited, uploaded, posted and/or derived ad revenues from, without limitation, thirty (30) different motion picture projects that incorporated key segments from the Feature.

19. Defendants, and each of them, have exploited without authorization the most integral and compelling segments of the Feature, and have done so in a literal and/or verbatim manner, with no transformation of the material. Defendants, and each of them, have published and displayed the material that infringes the Feature on-line, on television, and on DVD.

20. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, had knowledge at all times that the Feature was the copyrighted property of Plaintiff; so owing, the infringement by Defendants, and each of them, was knowing and willful.

21. Prior to the conduct complained of below, Plaintiff entered into discussion with PETA regarding the Feature. PETA failed to obtain a license from Plaintiff to exploit any part of the Feature, but did order hundreds of DVDs containing the entire Feature.

22. In or about 2009, Plaintiff became aware that PETA had misappropriated the "de-beaking" scene, amongst others, from the Feature, and had published or directed or authorized third parties to publish Plaintiff's footage in no fewer than thirty (30) different motion picture projects. Amazingly, in one of these exploitations, a motion picture shown on HBO, PETA claims to have authored the footage taken from the Feature.

23. In or about fall of 2010, Plaintiff became aware of the above unauthorized commercial exploitations of the Feature, and has provided Defendants, and each of them, with notice of the infringement.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants, despite being noticed that their use of footage from the Feature infringed Plaintiff's copyright in the Feature, continue to exploit footage from the Feature.

## FIRST CLAIM FOR RELIEF
### (For Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 24, inclusive, of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Feature directly from Plaintiff, or from a third party that was not authorized to distribute or disseminate the Feature, or any of its constituent parts.

27. Defendants, and each of them, exploited and infringed upon the most compelling and integral material from the Feature, and did so without the grant or authority of Plaintiff.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, engaged in the acts alleged hereinabove, including but not limited to, utilizing and profiting from the material in the Feature without credit or compensation to Plaintiff.

29. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

30. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Feature. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendant's infringement of the Feature in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, commercially exploited key scenes from the Feature, with full knowledge that such material was the intellectual property of Plaintiff. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Feature renders Defendants, and

each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF
### (For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

33.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 32, inclusive, of this Complaint.

34.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the infringement of copyrighted material from the Feature, as alleged hereinabove. Specifically, without limitation, on information and belief, Plaintiff alleges that PETA provided footage from the Feature to HBO, SFP, and NATIONEARTH, and induced, aided, or participated in the for-profit exploitation of same by each of them.

35.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, without limitation, on information and belief, Plaintiff alleges that Defendants, and each of them, provided motion pictures exploiting footage from the Feature to third parties, had the right oversee those third parties use of said footage, and profited from same.

36.     By reason of the Defendants', and each of their, acts of secondary infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of secondary infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Feature. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Feature, in an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, commercially exploited key scenes from the Feature, with full knowledge that such material was the intellectual property of Plaintiff. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants' willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Feature renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF
(For Federal Unfair Competition (15 U.S.C. §§ 1125(a)(1)(A)-(B) – Against All Defendants)

39. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1-38 as though fully set forth herein.

40. Defendants, and each of them, are knowingly and intentionally creating, publishing, marketing and selling product incorporating footage from the Feature without designating Plaintiff as the source of same. Defendants, and each of them, have removed any credit, designation, or indication of authorship from the Feature, and replaced it with their own. The above acts are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). On

8

information and belief, Plaintiff alleges that Defendants, and each of them, have claimed authorship of footage from the Feature. In addition, on information and belief, Plaintiff alleges that PETA has expressly claimed authorship of Feature footage, including in, without limitation the HBO program produced by SFP.

41. Defendants' conduct alleged herein constitutes unfair competition and reverse-passing-off, because it is likely to cause, and upon information and belief has caused, confusion, mistake, or deception as to the Feature's affiliation, connection, and association.

42. Plaintiff, and the Feature, are well-known within the entertainment and animal rights realms, and the Feature, and its footage, have acquired substantial secondary meaning. Defendants' actions resulted in and continue to result in the unlawful misappropriation of Plaintiff's valuable goodwill, and to weaken the public connection between Plaintiff and the Feature. Plaintiff has also been denied significant exposure, and/or received unwanted exposure, by the conduct of Defendants', and each of them.

43. Defendants', and each of their, actions are intended to and are likely to mislead consumers to believe that Defendants', and each of their, motion pictures are authored by Defendants, and each of them, and not Plaintiff, or that Defendants, and each, have a license to use such work in the manner used. Accordingly, Defendants' acts constitute a false designation of origin, actionable under § 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. Defendants' conduct alleged herein further constitutes false advertising under § 43 (b) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) because it "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" in advertising and promotion. It does so by misrepresenting footage from the Feature as being the product or creation of parties other than Plaintiff.

45. Defendants', and each of their, actions are intended to and are likely to mislead consumers to believe that Defendants', and each of their, motion pictures are comprised of footage authored by artists besides Plaintiff, that Plaintiff has no connection to the motion pictures that incorporate footage from the Feature, and that Defendants own a copyright in Plaintiff's motion picture when they do not.

46. As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to its proprietary rights in the Feature, and a potential weakening of the association between Plaintiff and the Feature. This unfair competition, reverse-passing-off, and false advertising has resulted in irreparable injury to Plaintiff's business, goodwill, and reputation, and, unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer further irreparable injury and harm, for which it has no adequate remedy at law.

47. Plaintiff therefore seeks a permanent injunction enjoining Defendants' wrongful actions including its manufacture, distribution, sale and advertisement of content incorporating, in whole or in part, any footage from the Feature.

48. Plaintiff also continues to suffer economic damage by Defendants' infringement, including loss of income wrongfully derived by Defendants due to their acts of infringement. The amount of Plaintiff's damages cannot be ascertained at this time.

49. Plaintiff has suffered damages, and Defendant has obtained profits and/or unjust enrichment, as a direct and proximate result of Defendant's unfair competition, reverse-passing-off, and false advertising.

50. In addition to injunctive relief pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an enhanced accounting of Defendant's profits, increased damages, and an award of its

attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate.

## FOURTH CLAIM FOR RELIEF
### (For Breach of Implied-in-Fact and/or Implied-in-Law Contract – Against Defendant PETA)

51. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 50, inclusive, of this Complaint.

52. On information and belief, Plaintiff alleges that the disclosure of the Feature by Plaintiff to PETA was of substantial benefit to Defendant in that it presented an opportunity to exploit a valuable property. This disclosure was consideration given in exchange for a promise by Defendant PETA to only exploit the footage in the Feature after it was authorized by Plaintiff, and after compensating Plaintiff.

53. On information and belief, Plaintiff alleges that it made this disclosure with the express expectation and understanding – an understanding shared by Defendant PETA as an industry – savvy entity – that Defendant would not exploit the Feature or any part thereof without the permission of and appropriate negotiated compensation to Plaintiff.

54. On information and belief, Plaintiff alleges that the Feature was exploited by PETA in connection with at least thirty (30) of PETA's projects, including numerous online videos, DVDs, and the HBO program.

55. On information and belief, Plaintiff alleges that by virtue of the Defendant's receipt and acceptance of the Feature, an agreement was implied-in-fact whereby Plaintiff would be paid the reasonable value should its work be used and he would be credited in any use of the expressive content.

56. On information and belief, Plaintiff alleges that it performed all covenants and conditions required of it by providing copies of the Feature to Defendant.

57. On information and belief, Plaintiff alleges that Defendant accepted, and benefited from its receipt of, Plaintiff's expressive content. This was done with the understanding that it had an obligation to compensate Plaintiff in exchange for the exploitation of the Feature.

58. On information and belief, Plaintiff alleges that Defendant breached said compact by utilizing, and profiting from, Plaintiff's creative expression without compensation or attribution to Plaintiff. At no time prior to the arising of this dispute, did Defendant offered to make good on its obligations to compensate Plaintiff for use of the Feature, and provide attribution.

59. On information and belief, Plaintiff alleges that it provided access to the Feature to Defendant with the reasonable expectation that if any part of it was used by PETA, authorization would be sought, and monies would be paid for said use.

60. On information and belief, Plaintiff alleges that Defendant knowingly accepted this access, and exploited it for monetary gain. Allowing Defendant to maintain that gain would be unjust and confer an inappropriate windfall on Defendant.

61. On information and belief, Plaintiff alleges that as a result of the foregoing, Plaintiff has suffered both special and general damages in an amount to be established at trial.

## FIFTH CLAIM FOR RELIEF
### (For Breach of Implied Covenant of Good Faith and Fair Dealing – Against Defendant PETA)

62. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 61, inclusive, of this Complaint.

63. On information and belief, Plaintiff alleges that at all times mentioned, the discussions between Plaintiff and PETA regarding use of the Feature contained an implicit covenant of good faith and fair dealing.

64. On information and belief, Plaintiff alleges that it performed all covenants and conditions required of it except as excused by the conduct of the Defendants.

65. On information and belief, Plaintiff alleges that PETA breached the implied covenant of good faith and fair dealing between the parties, including the implied provisions thereof, by engaging in the acts alleged hereinabove including, but not limited to, exploiting the Feature without credit or compensation to Plaintiff.

66. On information and belief, Plaintiff alleges that as a result of PETA's foregoing acts, Plaintiff suffered both special and general damages in an amount to be established at trial.

## SIXTH CLAIM FOR RELIEF
### (For Unfair Competition – Against All Defendants)

67. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1-66 as though fully set forth herein.

68. Defendants, and each of them, have received a benefit though their respective uses of footage and/or elements from the Feature.

69. Defendants, and each of them, have unjustly retained this benefit for their own gain at the expense of Plaintiff.

70. As a result of the foregoing, Plaintiff suffered both special and general damages in an amount to be established at trial.

## SEVENTH CLAIM FOR RELIEF
### (For Breach of Contract – Against PETA)

71. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1-70 as though fully set forth herein.

72. Plaintiff and PETA entered into a contract whereby Plaintiff would provide to PETA a certain number of DVDs of the Feature in exchange for a payment by PETA to Plaintiff.

73. As a further material term of the above-mentioned agreement, and in exchange for valuable consideration, PETA expressly agreed to maintain the value of the Feature by not selling it at a price point beneath a certain agreed-upon floor.

74. Despite this express agreement, Plaintiff is informed and believes, and thereon alleges, that PETA has been selling the Feature at a price point well beneath the agreed-upon floor.

75. Plaintiff has discharged all of its obligations under the above-mentioned agreement, but PETA has violated said agreement by failing to abide by its terms.

76. As a result of the foregoing, Plaintiff suffered both special and general damages in an amount to be established at trial, and which include, without limitation, a deleterious effect on the market for the Feature, and a diminution of the market value of the Feature.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, be enjoined from the conduct alleged herein, including without limitation the publication, distribution and dissemination of any content that incorporates footage from the Feature.

2. That Defendants, and each of them, be enjoined from any further use of any footage taken from the Feature;

3. That Plaintiff be awarded its general, special and other damages in an amount to be determined at trial;

4. That Defendants account to Plaintiff for all profits derived from the exploitation of Plaintiff's content, and disgorge said profits, as well as compensate Plaintiff for the damages suffered thereby as a result of the conduct alleged herein, each in an amount to be established at trial;

5. That Plaintiff be awarded its reasonable attorneys' fees;

6. That Plaintiff be awarded pre-judgment interest as permitted by law;

7. That Plaintiff be awarded the costs of this action;

8. That Plaintiff be awarded such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all issues triable by a jury pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 10, 2010

By: /s/ Michael D. Steger
Michael D. Steger (MS 2009)
Law Offices of Michael D. Steger, PC
1325 Sixth Avenue, 27th Floor
New York, NY 10019
(212) 956-9393
(845) 689-2155 (fax)

Scott A. Burroughs, Esq.
*(Admission Pro Hac Vice Requested)*
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
BEYOND THE FRAME, LTD.